UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES McQUEEN,

        Petitioner,                        Case No. 08-10586
                                                  Honorable David M. Lawson
v.                                                   Magistrate Judge Paul J. Komives

ROBERT NAPEL,

        Respondent.
_____/

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS,
DENYING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Petitioner James McQueen was convicted by a jury in the Kent County, Michigan circuit court of three counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. The victim in each of the counts was his adolescent step-daughter. After his convictions were affirmed by the Michigan appellate courts, and his motion for post-conviction relief was denied by the state trial and appellate courts, McQueen filed a *pro se* petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254. The case was referred to Magistrate Judge Paul J. Komives, who filed a thorough and lengthy report recommending that the petition be denied. Judge Komives considered and rejected the state's argument that review of many of the petitioner's claims were barred be the doctrine of procedural default. Judge Komives concluded that the petition ought to be denied on the merits and a certificate of appealability ought to be denied. The petitioner has filed timely objections to the report and recommendation.

Objections to a report and recommendation are reviewed de novo. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection

requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

I.

The petitioner first objects to the magistrate judge's conclusion that the petitioner is not entitled to an evidentiary hearing. The petitioner contends that he made a "reasonable attempt" to develop the record in the state court, and therefore his request for an evidentiary hearing in this Court should be honored.

"Under AEDPA, evidentiary hearings are not mandatory." *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate."). The AEDPA permits a habeas petitioner to introduce new evidence in federal court "only if [the petitioner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (citing *Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)); *see also Garner v. Mitchell*, 502 F.3d 394, 405-06 (6th Cir. 2007), *rev'd on other grounds*, 557 F.3d 257 (6th Cir. 2009). Section 2254(e)(2) defines "fault" as occurring where the petitioner "has failed to develop the factual basis of a claim in State court proceedings." The Supreme Court has explained that "a failure to develop the factual basis of a

-2-

claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; *see also Ivory v. Jackson*, 509 F.3d 284, 297-98 (6th Cir. 2007). "Diligence" requires "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435.

The magistrate judge observed that the petitioner made no formal request to the state courts for an evidentiary hearing to develop his claims, save a one-line alternative request in an appellate merits brief, which state law deems inadequate. The Court agrees with the magistrate judge that such an effort falls far short of a "reasonable attempt" to develop a record. The remainder of the petitioner's objection on this issue simply disputes the correctness of the magistrate judge's findings. The Court sees no merit to the arguments; therefore, the first objection is overruled.

II.

The petitioner's second objection is to the magistrate judge's conclusions that the jury instruction error was harmless and the evidence was sufficient to support the conviction. The Court agrees with the magistrate judge's conclusion that the state trial judge's "over-instruction" on the elements of the counts involving the victim when she was under thirteen years of age was harmless. Moreover, although the better practice is to avoid commenting on elements of the crime not genuinely in dispute, the state trial judge did not trench upon the petitioners federal constitutional rights when he focused the jury's attention on the element of penetration. *See Malone v. United States*, 238 F.2d 851, 852 (6th Cir. 1956). The magistrate judge also correctly determined that the evidence from the victim alone established all the elements of the crimes under Michigan law, and a victim's testimony can be sufficient under the Due Process Clause. *United States v. Kenyon*, 397 F.3d 1071, 1076 (8th Cir. 2005) ("Even in the face of inconsistent evidence, a victim's testimony

alone can be sufficient to support a guilty verdict." (citing *United States v. Kirkie*, 261 F.3d 761, 768 (8th Cir. 2001); *United States v. Wright*, 119 F.3d 630, 634 (8th Cir. 1997))).

III.

In his third objection, the petitioner disputes the correctness of the magistrate judge's conclusion that the petitioner's *Miranda* rights were not violated when Detective Heather Martin interrogated him in jail. The petitioner makes much of the magistrate judge's statement that *Miranda* was violated if the petitioner's version of the events are true. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, --- U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011). Once it is determined that the petitioner is not entitled to an evidentiary hearing in federal court, as is has been here, his contention that his version of the facts should be the basis of the decision finds no support in Supreme Court precedent. The third objection, therefore, is overruled.

IV.

In his fourth objection, the petitioner takes issue with the magistrate judge's conclusion the petitioner failed to establish ineffective assistance of trial counsel based on counsel's decision not to consult or call a medical expert witness. The magistrate judge concluded that trial counsel's cross-examination of the state's expert was adequate, and the petitioner did not offer any information via affidavit or proffer on what a defense expert might have contributed to the case, and therefore it was impossible to assess prejudice. The petitioner's objections address neither of these points. Instead, he focuses his argument on the quality of counsel's strategic choices, and he argues that defense counsel had a duty to investigate. The petitioner must establish both defective performance *and* prejudice to prove ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668,

687 (1984). The record justifies nothing more than speculation on the second prong of the test. The magistrate judge's conclusion on this issue is correct, and the petitioner's fourth objection is overruled.

V.

The petitioner's fifth objection addresses the claim that trial counsel was ineffective for not objecting to hearsay testimony of witnesses who related out-of-court statements of the victim describing the sexual assaults committed by the petitioner. The magistrate judge relegated counsel's performance to a strategic decision in which he pursued the defense that the victim's story was inconsistent, and her various statements demonstrated that defect in her story. The objections simply takes issue with that conclusion and argues against it. However, the Court believes the magistrate judge correctly analyzed the record in light of current Supreme Court precedent. Therefore, this objection is overruled.

VI.

The petitioner's sixth, seventh, eight, ninth, tenth, and eleventh objections argue that the magistrate judge incorrectly decided the prosecutorial misconduct claims. The Court has reviewed the report and concludes that the magistrate judge correctly decided those issues. Therefore, the objections are overruled.

VII.

Finally, the petitioner objects to the magistrate judge's recommendation that a certificate of appealability be denied. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §

2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citations omitted). The Court has reviewed the petitioner's claims *de novo*, albeit with the benefit of the magistrate judge's thorough treatment of them, and rejected the petitioner's claims on the merits because the petitioner has not demonstrated a violation of his rights under federal law. The Court now finds that reasonable jurists could not debate that this Court correctly dismissed the petitioner's claims. Therefore, the Court will deny the petitioner a certificate of appealability.

VIII.

The Court agrees with the magistrate judge's statements of the law and his analysis. The petitioner's objections do not have merit. The magistrate judge correctly concluded that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's amended objections to the magistrate judge's Report and Recommendation [dkt. #27] are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation [dkt #17] is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---