UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES McQUEEN,

       Petitioner,

                            CASE NO. 2:08-CV-10586
v.                                JUDGE DAVID M. LAWSON
                                 MAGISTRATE JUDGE PAUL J. KOMIVES

ROBERT NAPEL,

       Respondent.
_____/

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RECONSIDERATION (docket #33)

I.     RECOMMENDATION: The Court should deny petitioner's motion for reconsideration.

II.    REPORT:

A.    *Background*

Petitioner James McQueen, a state prisoner, filed an application for the writ of habeas corpus on February 8, 2008, challenging his 2004 state court convictions for first degree criminal sexual conduct and second degree criminal sexual conduct. On April 27, 2010, I filed a Report recommending that the Court deny petitioner's habeas application. As relevant to the instant motion, I also recommended that the Court deny petitioner's request for an evidentiary hearing. Specifically, I recommended that the Court conclude petitioner had "failed to develop the factual basis" of his claims in the state courts, as required by 28 U.S.C. § 2254(e)(2), because he did not file a motion for an evidentiary hearing in the trial court or the Michigan Court of Appeals pursuant to *People v. Ginther*, 390 Mich. 436, 443-44, 212 N.W.2d 922, 925 (1973). *See* R&R, dated 4/27/10, at 13-16. Petitioner filed objections to the Report, as well as a motion for discovery. The Court initially denied the motion for discovery, but subsequently granted petitioner's motion for reconsideration, ordering respondent

to supplement the record with various state court filings by petitioner. *See* Order, dated 6/17/10. On September 14, 2011, after respondent had filed the supplemental materials and petitioner had filed an amended objection to my Report, the Court entered an Order adopting my Report, denying petitioner's habeas application, and denying petitioner a certificate of appealability. The Court specifically overruled petitioner's objection relating to the evidentiary hearing issue. *See* Order, dated 9/14/11, at 2-3. On September 23, 2011, petitioner filed a notice of appeal. On August 20, 2012, the Sixth Circuit denied petitioner a certificate of appealability. With respect to the evidentiary hearing issue, the Sixth Circuit concluded that petitioner had failed to make "a showing that his request for an evidentiary hearing complied with Michigan procedural requirements," and thus he failed to show "that a COA is warranted on this issue." *See McQueen v. Napel*, No. 11-2206, at 3 (6th Cir. Aug. 20, 2012) [hereinafter "6th Cir. Order"].

This matter is before the Court on petitioner's motion for reconsideration, filed on September 29, 2011. Petitioner seeks reconsideration on two grounds. First, he contends that the Court erred in denying an evidentiary hearing. Second, he contends that the Court erred in ruling on his Objection #11. For the reasons that follow, the Court should deny petitioner's motion.[1]

B.   *Analysis*

This Court's Rule 7.1 provides, in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. MICH. LR 7.1(g)(3). Here, petitioner cannot show a palpable defect in the Court's denial of his

---

[1] Because petitioner seeks reconsideration of the Court's order denying his habeas application, I respectfully submit this Report and Recommendation in lieu of a determination of the motion.

habeas application that will result in a different disposition of the case.

With respect to the evidentiary hearing issue, petitioner contends that the Court committed a palpable defect because he requested an evidentiary hearing in his state court motion for relief from judgment. This fact, however, was before the Court, which ordered respondent to supplement the record with petitioner's filings in connection with his motion for relief from judgment. Further, as explained in my Report, petitioner's "failure to develop the factual basis" of his claim under § 2254(e)(2) consisted not only of his failure to seek an evidentiary hearing in connection with his direct appeal, but also his failure to support a request for an evidentiary hearing by an appropriate offer of proof as required by MICH. CT. R. 7.211(C)(1)(a). *See* R&R, at 15-16. The Sixth Circuit likewise concluded that petitioner failed to show that he requested an evidentiary hearing in accordance with Michigan procedural requirements. *See* 6th Cir. Order, at 3. The Sixth Circuit's decision constitutes the law of the case, and is binding on this Court in ruling on his motion for reconsideration. *See Rowe v. Director, Dep't of Corrections*, 111 Fed. Appx. 150, 151 (4th Cir. 2004); *United States v. Croft*, No. 98-6057, 2012 WL 10324, at *3 (E.D. Pa. Jan. 3, 2012). In any event, petitioner has failed to show a palpable defect in the Court's ruling. In his state court motion for relief from judgment, petitioner did not address the need for an evidentiary hearing, simply listing an evidentiary hearing as an alternative ground for relief in the closing section of his motion. He did not support this request with any offer of proof regarding the evidence to be developed at an evidentiary hearing. As explained in my prior R&R, the Court's order, and the Sixth Circuit's order, this unadorned request did not constitute a diligent attempt to develop the factual basis of his claims.

Petitioner also contends that the Court erred in addressing his Objection #11, which objected to my recommendation regarding petitioner's claim that the prosecutor committed misconduct by using petitioner's religious beliefs. In my report, I concluded that the evidence introduced by the prosecutor

3

was properly admitted because petitioner's comments to his wife regarding her "Biblical duties" was not used to evaluate the credibility of petitioner but was relevant to petitioner's motive. *See* R&R, at 39-40. I also concluded that petitioner's related ineffective assistance of trial counsel claim was without merit because any objection to the prosecutor's comments would have been futile. *See id.* at 42-43. Finally, I concluded that petitioner' ineffective assistance of appellate counsel claim was without merit because the underlying claims that counsel failed to raise on direct appeal were without merit. *See id.* at 47. In his Objection #11, petitioner argued that I misconstrued this claim as an prosecutorial misconduct claim, not recognizing that his claim was that had appellate counsel raised the issue on direct appeal, the court of appeals would have found an error requiring automatic reversal. In addressing petitioner's objections, the Court stated: "The petitioner's sixth, seventh, eight, ninth, tenth, and eleventh objections argue that the magistrate judge incorrectly decided the prosecutorial misconduct claims. The Court has reviewed the report and concludes that the magistrate judge correctly decided those issues. Therefore, the objections are overruled." Order, at 5. Petitioner contends in his motion for reconsideration that the Court failed to properly consider his claim as one of ineffective assistance of appellate counsel. However, as the R&R makes clear, petitioner's ineffective assistance of appellate counsel claim is premised on the underlying argument that the prosecutor improperly commented on his religious beliefs. As explained in the R&R, because the prosecutor's comments were not improper, it follows that the prosecutor did not commit any error subject to automatic reversal by the court of appeals, and that petitioner was therefore not prejudiced by counsel's failure to raise the claim on direct appeal. The R&R explicitly addressed each aspect of petitioner's claim, and the Court's Order did so by implication. Therefore, petitioner cannot show a palpable defect in the Court's Order.

C.      *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion for reconsideration.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: September 5, 2012            s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE